Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Benjamin R. Osborn (to be admitted *Pro Hac Vice*)
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

Sam Strauss (to be admitted *Pro Hac Vice*)
sam@turkestrauss.com
Raina Borrelli (to be admitted *Pro Hac Vice*)
raina@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (509) 4423

*Attorneys for Plaintiff and the Proposed Class*

## THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID ESCOBAR, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br>v.<br><br>BEENVERIFIED, INC. and BEENVERIFIED, LLC,<br><br>           Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA RIGHT OF PUBLICITY STATUTE; CALIFORNIA MISAPPROPRIATION OF NAME OR LIKENESS; AND CALIFORNIA UCL.<br><br>**CLASS ACTION**<br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

**NATURE OF ACTION**

1.      Plaintiff and members of the proposed class ("Class Members") are private individuals who have no relationship with Defendants BeenVerified, Inc. and BeenVerified, LLC ("Defendants" or "BeenVerified") or the websites BeenVerified owns and operates at www.beenverified.com and www.peoplesmart.com.

2.      Plaintiff and Class Members have never used www.beenverified.com or www.peoplesmart.com, nor did they provide their names, ages, phone numbers, addresses, photographs, or any other personal information to BeenVerified.

3.      Plaintiff was distressed to discover that BeenVerified is using his name, personal information, and persona to advertise paid subscriptions to its website.

4.      Plaintiff and Class Members did not consent to BeenVerified using their names, personal information, photographs, and personas to advertise website subscriptions or any other product.

5.      BeenVerified advertises website subscriptions by publicly displaying teaser profiles of Plaintiff and Class Members with their names, ages, current and past addresses, current and past phone numbers, names of relatives, and other personal information.

6.      BeenVerified advertises that it possesses additional information about Plaintiff and Class Members including: "known aliases," "address history with 'last seen' date," "email addresses," "satellite maps" of their current address, "criminal records," "photos," and "social media scan."

7.      Users who try to view the additional information about Plaintiff and Class Members receive an on-screen message soliciting the purchase of a website subscription for $29.99 per month. The message clearly links the names and personas of Plaintiff and Class Members to the subscription product being sold.

8.      BeenVerified also advertises website subscriptions by sending marketing emails to users who have searched for Plaintiff and Class Members. The marketing emails state, "Your search on [Plaintiff or Class Member name] is ready!"

9.      Recipients who click the button marked "See Your Results" are brought to a webpage soliciting a "7 Day Membership Trial" for $1, and a $26.89 per month recurring payment thereafter.

10.      BeenVerified does not present these teaser profiles and marketing emails as "samples" advertising the purchase of information about a single individual. Rather, BeenVerified uses the teaser profiles and marketing emails containing the personas of Plaintiff and Class Members to advertise subscriptions to www.beenverified.com and www.peoplesmart.com.

11.      A subscription includes far more than access to personal information about the individual whose persona BeenVerified used to advertise. A subscription delivers: searchable access to "billions of records" about millions of individuals; a monitoring service that provides "ongoing notifications . . . whenever there are changes or updates" to an individual's personal information; and the ability to "run reverse phone number lookups, email searches and property reports."

12.      BeenVerified is the sole author, designer, and implementor of the advertising techniques and messages giving rise to this lawsuit. BeenVerified does not host user-generated content. BeenVerified is the sole curator, designer, and creator of the content described in this Complaint, including the teaser profiles representing Plaintiff and Class Members and the marketing emails containing their names.

13.      Plaintiff does not know how BeenVerified obtained his name, current and past home addresses, phone numbers, names of relatives, and additional personal information. BeenVerified states on its website that the profiles "include information from multiple databases, career history, social media profiles, online photos and other records." BeenVerified does not disclose specific sources.

14.      BeenVerified misappropriated Plaintiff's and Class Members' names, personal information, and personas without permission or consent from Plaintiff or the Class.

15.      Consent is not all or nothing. Plaintiff and Class Members may have shared their

names, addresses, phone numbers, and other personal information with companies or the government in a variety of contexts. For example, Plaintiff or Class Members may have shared their names and addresses with a private company when making a credit card purchase.

16.     But Plaintiff and Class Members did not consent to the commercial use of their personal information and personas to promote subscriptions to a website with which they have no relationship.

17.     California law recognizes the intellectual property and privacy rights of individuals in controlling the use of their names, photographs, likenesses, and personas for commercial purposes.

18.     By using Plaintiff's and Class Members' names, likenesses, photographs, and personas in advertisements for website subscriptions without consent, BeenVerified has violated their intellectual property and privacy rights. Plaintiff and Class Members have the right not to have their personas exploited to promote a product with which they have no relationship and no interest in supporting.

19.     Plaintiff and Class Members have an economic interest in their personas, which BeenVerified has stolen, and a privacy interest in their personas, which BeenVerified has violated.

20.     By these actions, BeenVerified has violated California's Right of Publicity statute, codified in Cal. Civ. Code § 3344; California common law prohibiting misappropriation of a name or likeness; and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

21.     Plaintiff and Class Members have suffered injury through the unlawful taking of their valuable intellectual property; through the invasion of their privacy rights protected by statute and common law; through BeenVerified's unlawful profiting from its exploitation of their names, personas, and personal information; and through harm to peace of mind.

22.     Plaintiff and the Class are entitled to relief including statutory damages, disgorgement of profits, royalties for the use of their names and personas, restitution of the

value of their names and personas, an injunction prohibiting BeenVerified's unlawful conduct, an award of attorneys' fees, expenses, and costs, and declaratory and injunctive relief.

## JURISDICTION AND VENUE

23.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (A) at least one Class Member is a citizen of a state different from at least one defendant. Defendant BeenVerified is incorporated in Delaware and has its principal place of business in New York, New York. Plaintiff, who is a California citizen, asserts claims on behalf of a class of California residents. (B) The proposed class consists of at least 100 members. And (C) the amount in controversy exceeds $5,000,000 exclusive of interest and costs based on the California statutory claims alone. Cal. Civ. Code § 3344 provides for statutory damages "equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered," as well as "any profits from the unauthorized use." The statute also allows for punitive damages and an award of attorneys' fees and costs. Because BeenVerified advertises using the names and personal information of millions of Californians, the amount in controversy is well over the jurisdictional limit.

24.      This Court has specific personal jurisdiction over BeenVerified because a significant portion of the events giving rise to this lawsuit occurred in this state, including: BeenVerified's copying of Plaintiff's and Class Members' personal information from sources in California; BeenVerified's display of Plaintiff's and Class Members' teaser profiles in advertisements available to the public online; BeenVerified's failure to obtain required consent from Plaintiff and Class Members, all of whom reside in California; and BeenVerified's violation of the intellectual property rights of Plaintiff and Class Members.

25.      Plaintiff Escobar resides in this state and District. BeenVerified violated his intellectual property rights and misappropriated his name, personal information, and persona, the locus of which is in this state and District. BeenVerified failed to obtain the required consent from Plaintiff Escobar in this state and District. BeenVerified displayed the advertisements using Plaintiff's and Class Members' names, personal information, and

personas in this state and District.

26.     Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this District.

## PARTIES

27.     Plaintiff David Escobar is a citizen of California. Mr. Escobar resides in San Leandro, California.

28.     Mr. Escobar has never used or subscribed to the websites www.beenverified.com or www.peoplesmart.com.

29.     BeenVerified publicly displays a teaser profile of Mr. Escobar's personal information, including his name, addresses, phone numbers, and relatives' names, which it uses to advertise website subscriptions.

30.     BeenVerified uses Mr. Escobar's name and persona in marketing emails it sends to users who search for "David Escobar" on BeenVerified websites.

31.     Defendant BeenVerified, LLC is a Delaware limited liability company with its headquarters in New York, NY. BeenVerified, LLC owns and operates the websites www.beenverified.com and www.peoplesmart.com.

32.     Defendant BeenVerified, Inc. is a Delaware corporation with its headquarters in New York, NY. BeenVerified, Inc. is not actively registered in either New York or Delaware. However, the website www.beenverified.com states that the copyright for the website is owned by BeenVerified, Inc.

## FACTUAL ALLEGATIONS

33.     Plaintiff David Escobar has no relationship with BeenVerified. He is not a subscriber and has never used www.beenverified.com or www.peoplesmart.com.

34.     Mr. Escobar has never agreed to BeenVerified's Terms of Service, nor has he agreed to any arbitration agreement with BeenVerified. Mr. Escobar has never authorized anyone to create a BeenVerified account on his behalf. Mr. Escobar has never authorized

anyone to agree to arbitration with BeenVerified on his behalf.

35.    Plaintiff's counsel visited the websites owned by BeenVerified to investigate Mr. Escobar's claim and gather evidence supporting the allegations in this complaint. Prior to gathering the screenshots shown in this complaint, on December 3, 2021, Plaintiff's counsel sent written notice to BeenVerified (a) that counsel had no authority to agree to the Terms of Service on Mr. Escobar's behalf, and (b) that counsel, on his own behalf, rejected the class action waiver and arbitration agreement contained in the Terms of Service.

36.    Mr. Escobar did not give consent to BeenVerified to use his name, likeness, personal information, or persona in any way. Had BeenVerified requested his consent, Mr. Escobar would not have provided it.

37.    BeenVerified uses Mr. Escobar's name and persona in advertisements promoting its website subscriptions.

38.    BeenVerified publicly displays a teaser profile of personal information about Mr. Escobar on the Internet. Users may search, and have searched, for Mr. Escobar's profile by name and location. The teaser profile states Mr. Escobar name, addresses, phone numbers, and names of his relatives. The teaser profile uniquely identifies Mr. Escobar.

39.     A screenshot depicting the teaser profile is shown below. For privacy, Plaintiff's counsel have redacted the names and personal information of people other than Mr. Escobar.



1       40.     Users who sought more information about Mr. Escobar saw messages promising

2  that BeenVerified has additional personal information, including Mr. Escobar's "known

3  aliases," "address history with 'last seen' date," "email addresses," "satellite maps" of his

4  current address, "criminal records," "photos," and "social media scan." Screenshots depicting

5  some of those messages are shown below.



1
2
3
4
5
6
7
8
9
10
11
12
13



14
15
16
17
18
19
20
21
22
23
24
25
26



27
28

1

2

3

4

5

6

7

8

9

10

11

12



13

41.     BeenVerified then displayed a payment screen soliciting the purchase of a

14  website subscription for $29.99 per month. The page advertised that a purchase would deliver

15  both a profile about Mr. Escobar containing detailed personal information, and an "All-Access"

16  membership providing "UNLIMITED Background reports" about millions of other individuals.

17

18

19

20



21

22

23

24

25

26

27

28

42.     BeenVerified also advertised by incorporating Mr. Escobar's name and persona in marketing emails. BeenVerified sent marketing emails to users who searched for Mr. Escobar on www.beenverified.com. The emails say, "Your search on David Escobar is ready!" and prompt the recipient to click to "See Your Results." A marketing email is shown below:



43.     Users who clicked the button marked "See Your Results" were brought to a webpage soliciting the purchase of a "7 Day Membership Trial" for $1, after which the user would be billed $26.89 per month for a membership.

44.     BeenVerified's sole purpose in using Mr. Escobar's name, personal information, and persona on its website was to solicit the purchase of paid subscriptions.

45.     Mr. Escobar does not know how BeenVerified obtained his name, addresses, age, phone numbers, and the names of his relatives. Nor does he know how BeenVerified obtained any of the additional personal information BeenVerified claims to have about Mr. Escobar, including his "online photos" and a satellite photograph of his current residence. As shown in the screenshots above, BeenVerified advertised subscriptions by promising access to this additional information about Mr. Escobar.

46.    Contrary to the insinuations BeenVerified published in its advertisements about Mr. Escobar, Mr. Escobar does not have "Criminal Records."

47.    BeenVerified misappropriated Mr. Escobar's personal information and persona without permission from Mr. Escobar or the various sources from which it presumably appropriated his information.

48.    Mr. Escobar has intellectual property and privacy interests in his name, likeness, and persona recognized by California statutory and common law. He has the right to exclude anyone from making commercial use of his persona without his permission.

49.    BeenVerified has injured Mr. Escobar by taking his intellectual property without compensation; by invading his privacy rights protected by statute and common law; and by unlawfully profiting from its exploitation of his personal information.

50.    BeenVerified's illegal actions caused Mr. Escobar mental injury and disturbed his peace of mind. Mr. Escobar is deeply uncomfortable in the knowledge that BeenVerified used his name and persona in advertisements suggesting he has a criminal record. Mr. Escobar believes his persona is rightly his to control. BeenVerified's illegal use has left him worried and uncertain about his inability to control how his name and persona is used. Mr. Escobar feels that BeenVerified's use of his name and persona is an alarming invasion of his privacy. Mr. Escobar believes that BeenVerified's collection and publication of intimate personal details about him and his family members encourages and enables identity fraud. He believes BeenVerified's use of his personal information encourages and enables stalking and other predatory behaviors.

## CLASS ACTION ALLEGATIONS

51.    Plaintiff brings this action both individually and as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3). Plaintiff seeks to represent the following Class:

> All California residents who are not BeenVerified subscribers and whose names and personal information BeenVerified incorporated in teaser profiles and/or marketing emails used to promote website subscriptions.

52.     Excluded from the proposed Class are Plaintiff's counsel; BeenVerified, its officers and directors, counsel, successors, and assigns; any entity in which BeenVerified has a controlling interest; and the judge to whom this case is assigned and the judge's immediate family.

53.     The members of the proposed Class are so numerous that joinder of individual claims is impracticable. BeenVerified advertises that it has generated "100+ MILLION" reports about individuals. The Class size is likely in the tens of millions.

54.     There are significant questions of fact and law common to the members of the Class. These include:

a.     Whether BeenVerified's misappropriation of names and personal information, and use of that information in the advertising techniques described in this Complaint, constitutes the knowing use without consent of another's name, photograph, or likeness on or in products or for purposes of advertising products within the meaning of Cal. Civ. Code § 3344;

b.     Whether BeenVerified solicited and obtained written consent from Plaintiff and Class Members prior to using their personas in advertisements promoting its website, as required by Cal. Civ. Code § 3344;

c.     Whether BeenVerified's use of Plaintiff's and Class Members' names and personal information in advertisements and as part of their subscription products falls within the exceptions for "use in connection with any news, public affairs, or sports broadcast or account, or any political campaign" within the meaning of Cal. Civ. Code § 3344;

d.     The amount of BeenVerified's "profits from the unauthorized use" of Plaintiff's and Class Members' names and personal information;

e.     Whether BeenVerified's conduct described in this Complaint violates California common law prohibiting misappropriation of a name or likeness;

f.     Whether Plaintiff and Class Members are entitled to the injunctive, declaratory, monetary, punitive, and other relief requested in this Complaint.

55.     Plaintiff's claims are typical of those of the proposed Class. Plaintiff and all members of the proposed Class have been harmed by BeenVerified's misappropriation and misuse of their identifies, names, likenesses, personas, and other personal information in advertisements promoting website subscriptions. BeenVerified presents its advertisements in the same way for each Class member.

56.     Just as it did with Mr. Escobar, BeenVerified appropriated the personal information and personas of all Class Members without their permission or permission from the various sources from which it appropriated their information. BeenVerified's sole purpose in appropriating Class Members' information and personas was to solicit the purchase of paid subscriptions. BeenVerified has injured Class Members by taking their intellectual property without compensation; by invading their privacy rights protected by statute and common law; and by unlawfully profiting from its exploitation of their personal information.

57.     The proposed class representative will fairly and adequately represent the proposed Class. Mr. Escobar's claims are co-extensive with those of the rest of the Class. Mr. Escobar is represented by qualified counsel experienced in class action litigation of this nature.

58.     A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed Class is impracticable. Many members of the Class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute concerning BeenVerified's common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

59.     The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. BeenVerified has acted on grounds generally applicable to

the proposed Class, such that final injunctive and declaratory relief is appropriate with respect to the Class as a whole.

60.    The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to Class Members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

**FIRST CAUSE OF ACTION**
**Violation of California Right of Publicity Statute, Cal. Civ. Code § 3344**

61.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

62.    California's right of publicity statute prohibits the "knowing[] use[] of another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent." Cal. Civ. Code § 3344.

63.    By engaging in the foregoing acts and omissions, BeenVerified used Plaintiff's and Class Members' names, likenesses, photographs, and personas for commercial purposes without consent. Plaintiff's and Class Members' names and personas have commercial value as demonstrated by BeenVerified's use and similar use by BeenVerified's competitors.

64.    Each use of Plaintiff's or a Class Members' name and personal information in a teaser profile or marketing email is a separate and distinct violation of Cal. Civ. Code § 3344.

65.    Cal. Civ. Code § 3344 provides that a person who violates the statute is liable "in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages," in addition to "any profits from the unauthorized use." The statute also provides for "[p]unitive damages" and "attorney's fees and costs."

66.    As a result of BeenVerified's violation of Cal. Civ. Code § 3344, Plaintiff and Class Members have suffered injury to their privacy rights and actual damages both economic and emotional. Plaintiff and Class Members have been denied the economic value of their

---

CLASS ACTION COMPLAINT                    16

names, likenesses, and personas, which BeenVerified misappropriated without compensation to Plaintiff and Class Members. Plaintiff and Class Members were denied their statutorily protected right to refuse consent and protect their privacy and the economic value of their names, likenesses, and personas. Plaintiff and Class Members suffered emotional disturbance from the misappropriation and misuse of their names and personal information.

67.     Plaintiff, on behalf of the Class, seeks actual damages, including BeenVerified's profits from its misuse; statutory damages; compensatory damages for the royalties BeenVerified failed to pay; restitution; punitive damages; nominal damages; the award of attorneys' fees and costs; the entry of an injunction prohibiting BeenVerified's illegal conduct; and declaratory relief.

## SECOND CAUSE OF ACTION
### California Tort of Appropriation of a Name or Likeness

68.     Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

69.     California common law recognizes the tort of "appropriation, for the defendant's advantage, of the plaintiff's name or likeness." *Eastwood v. Superior Court*, 149 Cal.App.3d 409, 416 (Cal. Ct. App. 1983).

70.     By engaging in the forgoing acts and omissions, BeenVerified (1) used the identities of Plaintiff and Class Members in advertisements for subscriptions and as part of its subscription products; (2) appropriated Plaintiff's and Class Members' names and likenesses to BeenVerified's commercial advantage; (3) failed to obtain Plaintiff's and Class Members' consent; and (4) injured Plaintiff and Class Members by causing harms both economic and emotional. *See Eastwood,* at 417.

71.     On behalf of the Class, Plaintiff seeks monetary recovery in the amount of the commercial advantage BeenVerified derived from its misuse; compensatory damages for BeenVerified's failure to pay royalties owed; and the entry of an injunction prohibiting BeenVerified's tortious acts.

### THIRD CAUSE OF ACTION
**California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq***

72.     Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

73.     BeenVerified has and is engaged in unfair competition, as that term is defined in the California Unfair Competition Law, Cal. Bus. & Prof. Code. § 17200 *et seq*. ("UCL").

74.     As described in this complaint, BeenVerified's misappropriation and use without consent of Plaintiff's and Class Members' names, photographs, likenesses, and personal information is a violation of California's Right of Publicity statute, Cal. Civ. Code § 3344, and California common law prohibiting misappropriation of a name or likeness.

75.     By engaging in the conduct described in this complaint and violating California law, BeenVerified engaged in and continues to engage in "unlawful" business acts and practices prohibited by the UCL.

76.     By engaging in the conduct described in this complaint, including profiting from the sale and use in advertising of personal information it misappropriated without consent, BeenVerified engaged in and continues to engage in "unfair" business acts and practices prohibited by the UCL.

77.     As a result of BeenVerified's actions, Plaintiff and Class Members have been injured. Plaintiff and Class Members lost the economic value of their names, personas, and likenesses, and are entitled to restitution, declaratory relief and an injunction. Plaintiff and Class Members were denied their rights to refuse consent and protect their privacy.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of the Class, requests the following relief:

(a)     For an order certifying the proposed Class and appointing Plaintiff and his counsel to represent the Class;

(b)     For a declaration that BeenVerified's acts and omissions constitute a knowing and willful misappropriation of names, likenesses, personas, and personalities, and

infringe on protected privacy and intellectual property rights, in violation of California statutory and common law;

(c)     For nominal damages awarded in recognition of BeenVerified's violation of the statutorily protected property and privacy rights of Plaintiff and Class Members;

(d)     For preliminary and permanent injunctive relief enjoining and preventing BeenVerified from continuing to operate its websites without appropriate safeguards to ensure people's personal information is not used illegally without their consent;

(e)     For restitution to Plaintiff and Class Members of the money BeenVerified unjustly earned through sales made by misappropriating their names, likenesses, personas, and personalities;

(f)     For an award of damages, including without limitation: damages for actual harm; profits earned by BeenVerified; reasonable royalties for the infringement of Plaintiff's and Class Members' intellectual property rights; and statutory damages;

(g)     For an award of reasonable attorneys' fees and costs incurred by Plaintiff and Class Members; and

(h)     Orders granting such other and further relief as the Court deems necessary, just, and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial for all individual and Class claims so triable. Respectfully submitted,


Dated: December 7, 2021                    By:     /s/ Michael F. Ram
                                                   Michael F. Ram


                                           Michael F. Ram (SBN 104805)
                                           mram@forthepeople.com
                                           Marie N. Appel (SBN 187483)
                                           mappel@forthepeople.com
                                           MORGAN & MORGAN
                                           COMPLEX LITIGATION GROUP

CLASS ACTION COMPLAINT            19

711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn (to be admitted *Pro Hac Vice*)
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

Sam Strauss (to be admitted *Pro Hac Vice*)
sam@turkestrauss.com
Raina Borrelli (to be admitted *Pro Hac Vice*)
raina@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (509) 4423

*Attorneys for Plaintiff*
*and the Proposed Class*